UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cr-00016-RJC-DSC

| | |
|---|---|
| JUAN OCTAVIO IREBE LAVEAGA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [Doc. 37].

**I.   BACKGROUND**

On January 20, 2022, Petitioner Juan Octavio Irebe Laveaga ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One); one count of aiding and abetting the possession with intent to distribute 500 grams or more of methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 2 (Count Two); one count of aiding and abetting the distribution of 500 grams or more of methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 2 (Count Three); and one count of aiding and abetting the distribution of 50 grams or more of methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 2 (Count Four). [Doc. 3: Bill of Indictment].

Petitioner agreed to plead guilty to Counts One and Two and the Government agreed to dismiss Counts Three and Four. [Doc. 19 at ¶¶ 1-2: Plea Agreement]. After a Rule 11 hearing, a

Magistrate Judge accepted Petitioner's guilty plea, finding it knowingly and voluntarily made. [Doc. 21: Acceptance and Entry of Guilty Plea]. Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [Doc. 27: PSR]. The probation officer recommended a total offense level of 40 and computed a criminal history category of I, yielding an advisory guideline range of 292 to 365 months' imprisonment. [Id. at ¶¶ 38, 43, 64]. The Court adopted the PSR without change and sentenced Petitioner to concurrent terms of imprisonment of 292 months on Counts One and Two. [Doc. 31 at 2: Judgment; Doc. 32: Statement of Reasons]. Judgment on Petitioner's conviction was entered on October 27, 2022. [Id. at 1]. Petitioner did not file a direct appeal.

On March 5, 2024, Petitioner filed the pending motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 37; id. at 12]. Petitioner asserts three primary claims for relief: (1) ineffective assistance of counsel for failing to file a direct appeal despite Petitioner's "wish to appeal" and to explain "appeal issues;" (2) ineffective assistance for failing "to explain and discuss options and alternatives" and ignoring "Petitioner's question to opt to trial;" and (3) Petitioner's guilty plea was involuntary and unknowing "due to Counsel's misleading, inaccurate, deceptive, and ommited [*sic*] set of facts and advice." [Id. at 4-6]. Petitioner alleges that he would have proceeded to trial if his attorney had explained the charges, the Sentencing Guidelines and Petitioner's offense level, investigated the facts, and challenged all "evidence statements" used against Petitioner. [Id. at 7; Doc. 37-1 at ¶¶ 7, 9]. For relief, Petitioner seeks an evidentiary hearing. [Id. at 12]. He also asks the Court to appoint counsel. [Id.].

Petitioner addresses timeliness in his petition. [Id. at 10]. Petitioner argues he is entitled to equitable tolling because "he has been exercising due diligence in which to file his motion," but "the COVID-19 created hardships, institutional restrictions, no access to legal material or law

2

library, transfers, and hold overs while being in transit," which impeded Petitioner's timely filing a notice of appeal and the pending motion to vacate. [Id.; see Doc. 37-1 at ¶¶ 3-6].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by

3

> the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of § 2255(f) on November 10, 2022, when his deadline to appeal expired. Fed. R. App. P. 4(b)(1)(A); see United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). Petitioner, however, did not file the pending motion to vacate until March 5, 2024, nearly 16 months later. Thus, Petitioner's motion to vacate is untimely, see 28 U.S.C. § 2255(f)(1), unless he shows he is entitled to equitable tolling.

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

In support of equitable tolling, Petitioner vaguely argues that he was unable to timely file his § 2255 motion because of Covid-related institutional restrictions, limitations on access to legal materials and a law library, and transfers and "hold overs." Petitioner has plainly not shown that

4

he was prevented from timely filing this motion. Nor does it appear that a gross injustice would result from enforcing the limitations period against Petitioner. Because Petitioner addressed the timeliness issue in his original petition, the Court need not provide Petitioner any additional opportunities to address this issue. See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007). As such, Petitioner's motion is untimely under § 2255(f) and equitable tolling does not apply. The Court will, therefore, dismiss Petitioner's motion to vacate on initial review and deny Petitioner's request for counsel as moot.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate under 28 U.S.C. § 2255 is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 37] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: March 29, 2024

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge